[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11862

_____

D.C. Docket No. 1:15-cr-00290-MHC-CMS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN M. SULLIVAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 21, 2018)

Before WILSON and NEWSOM, Circuit Judges, and VINSON,* District Judge.

PER CURIAM:

_____

* Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida,
sitting by designation.

Kevin Sullivan appeals his conviction for knowingly receiving at least one visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), (b)(1).  Using a "sniffer" device,[1] agents from the Georgia Bureau of Investigation found evidence of child pornography on electronic devices in Sullivan's office at Emory University.  Sullivan argues that the search warrant did not authorize the use of the sniffer device, that agents needed to obtain a second warrant before searching his office, and that the good faith exception to the warrant requirement does not apply.  After careful review of the briefs and the record, and having the benefit of oral argument, we find no error.

**AFFIRMED.**

---

[1] A "sniffer" is a tool that can be used for finding a specific Media Access Control address (an identifier unique to a particular device) if the suspect device is powered on and connected to a wireless network. The user of the sniffer inputs the MAC address of the device being sought, and the sniffer then listens for the signal between the device and the internet router over the wireless network.  The sniffer detects the strength of the signal, which simply tells the user if the suspect MAC address is close by.